F I L E D
Clerk
District Court

AUG 0 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 04-00002-001 |
| | ) | Civil No. 05-0023 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER DENYING |
| | ) | DEFENDANT'S FIRST |
| MARVIN LEON GUERRERO, | ) | 28 U.S.C. § 2255 MOTION |
| | ) | |
| Defendant | ) | |
| | ) | |

THIS MATTER is before the court on *pro se* defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Defendant pleaded guilty on March 23, 2004, to conspiracy to commit arson in violation of 18 U.S.C. § 844(n). The four remaining counts in the indictment were then dismissed on motion of plaintiff. On July 1, 2004, defendant was sentenced, *inter alia*, to sixty months in prison. This petition was placed in the prison's internal mail system on June 30, 2005, and is thus timely.

AO 72
(Rev. 8/82)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Defendant seeks to be resentenced due to alleged ineffective assistance of counsel during sentencing. Defendant's motion rests solely on his allegation that, during the 60-90 minute recess ordered by the court at sentencing to allow defendant to read and review the presentencing report with his attorney, his attorney threatened to abandon him if he sought to bring anything to the court's attention. Defendant alleges that this threat prevented him from bringing mitigating information to the attention of the court: that the arson was simply the result of a business dispute.

For the following reasons, defendant Leon Guerrero's motion is denied.

The court's first ground for denying Leon Guerrero's motion is that it is brought in violation of the specific terms of his March 24, 2004, plea agreement. His plea agreement states in relevant part that he "will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence of five years of less...." Plea Agreement, Pages 5-6, ¶ 12 (Mar. 23, 2004). The court has reviewed the tape recording of the sentencing hearing and notes that defendant was reminded of this provision and said that he understood it.

Waiver provisions of plea agreements are enforceable. *See e.g.* United States v. Mezzanatto, 513 U.S. 196, 115 S.Ct. 797 (1995). This provision is enforceable and Leon Guerrero's motion is denied on the ground that he obtained the full benefit of his bargain in the plea agreement and that he validly waived his right to file this motion.

AO 72
(Rev. 8/82)

The court also denies defendant's motion because he was sentenced to the statutory mandatory minimum. The thrust of defendant's argument is that due to the alleged misconduct of his counsel during the break in the sentencing proceedings, he was unable to obtain a downward departure from the mandatory minimum sentence he received. Specifically, defendant wished to point out a "significant flaw" in the presentence report: "the fact that the arson was merely a result of a long term business dispute between the only two cellular phone service providers in Saipan." AO Form 243 at 5.

Defendant could not qualify for a downward departure from the mandatory minimum sentence. Under Federal Sentencing Guidelines § 5C1.2, no such departure can be given to one who is "an organizer, leader, manager, or supervisor of others in the offense[.]" Defendant in his plea agreement admitted that he was the organizer of the crime, Plea Agreement, ¶ 4(b) (Mar. 23. 2004), and he does not here disavow that portion of the agreement. He also agreed that no downward departure was warranted and that he would not ask for such a departure. *Id.* at p. 4-5. At sentencing, defendant's counsel recognized that the court could not sentence defendant below the statutory mandatory minimum of five years, but still asked the court to do so. Plaintiff objected that such a request breached the specific terms of the plea agreement. Defense counsel acknowledged, "My client knows he is constrained by the plea agreement."

3

Defendant was sentenced to the statutory mandatory minimum of five years.[1] Even were the court to accept as true defendant's wholly unsupported assertions against his counsel, the instant motion avails him nothing as he was sentenced, in accordance with his plea agreement, to the most lenient term of imprisonment the court could lawfully impose.

Finally, defendant had previously expressed in the plea agreement that he was "fully satisfied with the counsel, representation, and advice" given to him by his lawyers, Mr. Joaquin Torres and Ms. Stephanie Flores. Plea Agreement, Page 4 ¶ 7.c (Mar. 23, 2004). At no time during sentencing, even when specifically offered the opportunity by the court, did defendant express any dissatisfaction with his attorneys.

FOR THE FOREGOING REASONS, defendant's first motion under 28 U.S.C. § 2255 is denied. Nothing raised herein could change the sentence defendant agreed to and which was imposed on him; however, the court takes seriously any specific allegations of attorney misconduct. Both the court and the Northern Mariana

---

[1]

The court would not have imposed a materially different sentence had it known at that time that the sentencing guidelines were merely advisory. *See* United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005). Defendant initiated and organized the plan to destroy the telecommunications equipment of a rival cellular phone service, and recruited and paid two men to carry out his plan. The ensuing explosion did several hundred thousand dollars worth of damage and could have resulted in serious injuries or death to the perpetrators or anyone who had the misfortune to be nearby. The term of imprisonment could well have been higher but for the specific agreement of the parties to recommend the statutory mandatory minimum and the heavy restitution contemplated, which satisfied the court that the sentence was appropriate.

AO 72
(Rev. 8/82)

Islands Bar Association provide mechanisms to address such allegations upon receipt of a complaint detailing the alleged misconduct.

IT IS SO ORDERED.

DATED this 9th day of August, 2005.


_____
ALEX R. MUNSON
Judge